■ JOHN KOROLESKI, Respondent, v. LELAND BADLER et al., Appellants.— In a proceeding by a judgment creditor to direct third parties to turn over money which is the property of or owed to the judgment debtor, pursuant to CPLR 5225 and 5227, the third parties appeal from an order of the Supreme Court, Suffolk County, entered November 15, 1968, which granted the application. Order affirmed, with $20 costs and disbursements. The judgment debtor entered into a contract for the bulk sale of his businesses to Advance Technology Corporation on October 11, 1967. The contract provided that the seller would execute an affidavit to the effect that he had no creditors, in lieu of complying with the provisions of article 6 of the Uniform Commercial Code which requires notice of a pending bulk sale to be given to the creditors of the seller. Subsequently the seller conceded that creditors did exist and the parties to the sale agreed that the entire purchase price, $140,000, was to be placed in escrow and held for distribution to the creditors in accordance with an agreed-upon schedule which listed preferred claims to be paid in full and general claims to be paid at the rate of 17.795%. Pursuant to this agreement, $140,000 was placed in the hands of the escrow agents and later, after deduction of $5,000 therefrom for said agents' fees and expenses, the balance was transferred to appellants, as substituted escrow agents. The terms and conditions of the escrow, contained in a letter signed by both parties to the sale, directed that the escrow agents were not required to satisfy the claim of any creditor if the amount of the fund was less than the aggregate of the amount allowed to each creditor plus (1) sums, if any, owing by the seller to the buyer for breach of the contract or under an indemnity agreement contained in the contract, (2) the amount of any other debts or liabilities of the seller existing on the date of the escrow agreement and (3) the amount

of all damages, costs, attorneys' fees, expenses and liabilities of the escrow agents. The balance of the fund was to be returned to the seller after satisfaction of all debts. The escrow agents were required to give seven days' notice to both parties to the sale before making any payment out of the fund and were forbidden to make any payment, in the event either party objected, pending determination of the dispute in a suit or proceeding to which the buyer, the seller and the escrow agents were to be parties and "from which no further appeal can be taken". Notwithstanding the terms and conditions of the escrow agreement, the agreement also required the agents to comply with any written instructions received by them and signed jointly by the seller and buyer. The petitioner recovered two judgments against the seller. Upon learning of the existence of the fund, the petitioner and other judgment creditors served restraining notices upon appellants and issued execution upon the fund which was returned unsatisfied. This proceeding was then initiated to compel appellants to satisfy the judgments out of the property belonging to the judgment debtor in their custody. Appellants contend that the agreement in question deprived the judgment debtor of an interest in the fund against which execution could be levied. We are of the opinion that the judgment debtor retained sufficient control over the fund in question to render the fund subject to execution; and we are further of the opinion that an agreement such as the one at bar, providing for an escrow arrangement to pay a portion of debts unrelated to the basic sale contract, is insufficient to deprive judgment creditors of their right to attack the fund (CPLR 5201, subd [b]; cf. *Aetna Cas. & Sur. Co.* v. *United States,* 4 N Y 2d 639; *Hickey Co.* v. *Port of New York Auth.,* 23 A D 2d 739). Beldock, P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.