■ ASHRAF PAHLAVI, Appellant, v LAIDLAW HOLDINGS, INC., et al., Respondents.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered December 14, 1990, which, *inter alia,* dismissed a petition against Phelan & Costello, P. C., requiring them to turn over certain funds to the Sheriff of the City of New York (Sheriff), in accordance with a pre-attachment temporary restraining order (TRO), is unanimously reversed, to the extent appealed from, and as limited by the parties' Appellate briefs, on the law and on the facts, petition reinstated and granted, and Phelan & Costello, P. C., directed to turn over to the Sheriff $50,000.00 and the interest thereon, with costs.

In February 1990, Ms. Ashraf Pahlavi commenced an action against Mr. Khusrow H. Nezhad for conversion of approximately $1.9 million, derived from the proceeds of the sale of various art works owned by Ms. Pahlavi. In addition to starting the underlying action, Ms. Pahlavi moved, by order to show cause, for an order of attachment of Mr. Nezhad's assets, and on February 16, 1990, an IAS Court (Shirley Fingerhood, J.), signed such an order, containing a temporary restraining order. In pertinent part, the TRO stated: "ORDERED that pending the hearing of this motion defendant [Mr. Nezhad] and his agents be and hereby are stayed and restrained from assigning, disposing of, encumbering, secreting or removing any of the defendant's property located within the state to the extent of $1,900,000".

Thereafter, on February 16 and 17, 1990, copies of the order to show cause, together with the TRO, were served on Mr. Nezhad. Subsequently, on or about February 24, 1990, Mr. Nezhad consulted with attorneys associated with Phelan & Costello, P. C., Esqs. (law firm), concerning the commencement of the underlying action against him and the TRO, and Mr. John J. Phelan, III, a partner in the law firm, admits that, on or about February 27, 1990, Mr. Nezhad delivered two $25,000.00 checks payable to the order of the law firm, and those checks were "deposited in our bank accounts. The first check for $25,000.00 was a retainer deposit. The second was deposit of additional funds to be used when the first sum was exhausted".

By order, dated May 21, 1990, the IAS Court (Burton S. Sherman, J.) granted Ms. Pahlavi's motion for an order of attachment of the property of Mr. Nezhad, and thereafter, on or about July 30, 1990, when the Sheriff of the City of New York delivered a copy of that order on the law firm, they stated that they did not have any property belonging to Mr. Nezhad. In response, Ms. Pahlavi (petitioner) instituted a proceeding, pursuant to CPLR 6221, for an order, directing the law firm to turn over the subject $50,000.00 to the Sheriff, which it had received from Mr. Nezhad. The law firm opposed the petition. By order, entered December 14, 1990, the IAS Court (Burton S. Sherman, J.), *inter alia,* dismissed the petition. Petitioner appeals from only so much of that order as did not direct the law firm to turn over the funds.

Based upon our review of the record, we find that the law firm, in asserting Mr. Nezhad's rights in the underlying action, acted as his agents, and therefore was covered by the provisions of the TRO. Those who act as " 'the agents or servants of the defendant * * * or in assertion of their rights or claims' " are bound by the terms of the injunction *(State Univ. v Denton,* 35 AD2d 176, 178 [1970]; *and see,* 67 NY Jur 2d, Injunctions, § 199).

Accordingly, we reverse, grant the petition, and direct the law firm to turn over the funds. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.