[923 NE2d 578, 896 NYS2d 295]

MARC A. AYERS, Appellant, v JAMES E. O'BRIEN et al., Respondents.

Argued November 18, 2009; decided December 17, 2009

**ANNOTATION REFERENCE**

See ALR Index under Automobiles and Highway Traffic; Comparative Negligence; Police and Law Enforcement Officers; U–Turn.

**FIND SIMILAR CASES ON WESTLAW®**

Database: NY-ORCS

Query: emergency /2 vehicle /s reckless /2 disregard /p comparative /2 fault

---

## POINTS OF COUNSEL

*Cellino & Barnes, P.C.,* Buffalo (*Denis J. Bastible* and *Christian R. Oliver* of counsel), for appellant. Deputy Ayers is entitled to the protections afforded by Vehicle and Traffic Law § 1104. (*Saarinen v Kerr,* 84 NY2d 494; *Campbell v City of Elmira,* 84 NY2d 505; *Sierk v Frazon,* 32 AD3d 1153; *McGloin v Golbi,* 49 AD3d 610; *Dubois v Vanderwalker,* 245 AD2d 758; *Warner v Adelphi Univ.,* 240 AD2d 730; *Mullen v Zoebe, Inc.,* 86 NY2d 135.)

*Mitchell Goris & Stokes, LLC,* Cazenovia (*Mark D. Goris* of counsel), for respondents. Appellant is not entitled to the protections afforded by Vehicle and Traffic Law § 1104. (*Saarinen v Kerr,* 84 NY2d 494; *Sierk v Frazon,* 32 AD3d 1153; *McGloin v Golbi,* 49 AD3d 610; *Aldrich v Sampier,* 2 AD3d 1101.)

## OPINION OF THE COURT

PIGOTT, J.

Operators of authorized emergency vehicles are protected from liability for conduct privileged under Vehicle and Traffic Law § 1104, unless their conduct rises to the level of reckless disregard. In this personal injury action, we are asked whether an emergency vehicle operator may assert that same statute in an action in which he is the plaintiff, thereby preventing the defendant from raising a comparative fault defense. We hold that he may not.

On July 31, 2005, plaintiff Marc A. Ayers, a Broome County Deputy Sheriff, was on patrol in the Town of Chenango. While Ayers was executing a U-turn to pursue a speeding vehicle, his car was struck by another vehicle, owned and operated by defendants.

Ayers commenced this action alleging serious injury as a result of defendants' common-law negligence.[1] In their answer, defendants denied the material allegations of the complaint and asserted four affirmative defenses, including that any damages "must be diminished in the proportion which [the] culpable conduct, including contributory negligence and assumption of the risk, attributable to [Ayers], bears to the culpable conduct which caused the damages."

Following discovery, Ayers moved to dismiss defendants' comparative fault defense, arguing that the liability standard for drivers of authorized emergency vehicles under Vehicle and Traffic Law § 1104 (e) is "reckless disregard," and that he had not acted recklessly.[2] Supreme Court granted the motion striking the defense (19 Misc 3d 449 [2008]).

The Appellate Division reversed and reinstated the defense (60 AD3d 27 [2008]), holding that Ayers, as a plaintiff, is not entitled to the protections afforded under Vehicle and Traffic Law § 1104 (e). The Appellate Division then certified to this Court the question whether it had erred as a matter of law. We conclude that the Appellate Division did not err, and we hold that the reckless disregard standard of liability does not apply in determining the culpable conduct of the operator of an emergency vehicle when he or she is the individual bringing the action.

Vehicle and Traffic Law § 1104, broadly describing the privileges afforded a driver of an authorized emergency vehicle when involved in an emergency situation, contains the following language:

> "The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]).

Clearly, this section "precludes the imposition of liability for otherwise privileged conduct except where the conduct rises to

---

1. Ayers does not assert any statute, ordinance or governmental regulation that defendants violated, and thus makes no claim under General Municipal Law § 205-e (*see generally Aldrich v Sampier*, 2 AD3d 1101, 1103 [3d Dept 2003]).

2. A police vehicle is an "authorized emergency vehicle" under Vehicle and Traffic Law § 101.

the level of recklessness," as we held in *Saarinen v Kerr* (84 NY2d 494, 497 [1994]). In that case, we concluded that a reckless disregard standard was appropriate, in determining the liability of a defendant emergency vehicle driver, because of the plain language of Vehicle and Traffic Law § 1104 (e), and in light of the purpose of the statute, which is to give "operators of emergency vehicles the freedom to perform their duties unhampered by the normal rules of the road" (84 NY2d at 502). We noted that "the possibility of incurring civil liability for what amounts to a mere failure of judgment could deter emergency personnel from acting decisively and taking calculated risks in order to save life or property or to apprehend miscreants" (*id.*). The reckless disregard standard, which requires that a plaintiff show "more than a momentary judgment lapse" on the part of the defendant, allows emergency personnel to act swiftly and resolutely while at the same time protecting the public's safety (*id.*).

Vehicle and Traffic Law § 1104 (e) cannot be used as a sword to ward off a comparative fault defense. It is to be applied only when the emergency vehicle operator is sued or countersued. Plaintiff's proposed interpretation of the statute would shift the responsibility for any contributory negligence on the part of an emergency vehicle operator to the driver of another vehicle whom the emergency vehicle operator sues. This would result in significant unfairness in some cases. For instance, the operator of an emergency vehicle whose own negligence, while not rising to the level of reckless disregard, caused his or her injuries would be entitled to full damages even from a minimally negligent defendant. There is no evidence that such a financial windfall was intended or foreseen by the Legislature when it granted emergency vehicle operators greater freedom to disregard rules of the road while undertaking their responsibilities.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the negative.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed, etc.