■ REBECCA POTTER, Respondent, v DANIEL MACLEAN, Appellant, et al., Defendant. [904 NYS2d 551]—

Kavanagh, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered August 13, 2009 in Tompkins County, which denied defendant Daniel MacLean's motion to, among other things, quash and vacate a restraining notice and information subpoena issued by the Tompkins County Support Collections Unit.

Plaintiff and defendant Daniel MacLean (hereinafter defendant) were married in 1999 and have two children (born in 2001 and 2003). After their separation, a court order was issued in 2005 requiring defendant to pay $800 per month in child support, plus $200 in monthly maintenance to plaintiff. He was ultimately found to have willfully violated that order and, in 2007 when a divorce action was commenced, defendant was found to owe more than $20,000 in arrears on this obligation. Defendant subsequently retained the law firm of Thaler & Thaler to represent him in the divorce action and paid them a $15,000 advance on their fee. Later, the amount that defendant owed on his support and maintenance obligation had increased to $33,000 and, in an effort to satisfy that arrearage, the Tompkins County Support Collections Unit served a restraining notice and an information subpoena on Thaler & Thaler in regard to the $15,000 retainer fee (see CPLR 5222, 5224). Defendant moved to quash the subpoena and vacate the restraining notice on the retainer fee. Supreme Court denied defendant's motion, and he now appeals.

Defendant argues that the retainer fee held by Thaler & Thaler is not subject to restraint because these funds were used to ensure that he has legal representation in the divorce action. However, CPLR 5222 (a) provides that a restraining notice may be issued upon *any person*, except for a judgment debtor's employer, and funds held in escrow for the purpose of retaining

an attorney are not included in the statutory list of money and property exempt from such restraint.*

Moreover, funds held by an attorney as a retainer for legal services to be rendered have been found to be subject to a preattachment restraining order (see Pahlavi v Laidlaw Holdings, 180 AD2d 595, 595-596 [1992], lv denied 80 NY2d 760 [1992]; see also Gala Enters., Inc. v Hewlett Packard Co., 970 F Supp 212, 217 [SD NY 1997]). Such funds, even if deposited in an escrow account, may be attached as long as they are subject to the judgment debtor's "present or future control," or are required to be returned to the judgment debtor if not used to pay for services rendered (Gala Enters., Inc. v Hewlett Packard Co., 970 F Supp at 217; see Koroleski v Badler, 32 AD2d 810, 811 [1969]). Here, defendant retained an interest in the funds that were not used to pay for the legal services rendered by Thaler & Thaler, and the retainer agreement governing the disposition of such a fee specifically provided that such funds would ultimately be returned to defendant.

Defendant also claims that the funds used for the retainer were borrowed from family and friends and, therefore, should not be subject to a restraining notice. However, any legal right to the return of any portion of the retainer fee belonged to defendant—and not to his family or friends—and it is that interest that provides a legal basis for restraint of the funds. While not unmindful of the impact this decision may have on defendant's ability to retain counsel, we note that a party in a matrimonial proceeding does not have a constitutional right to counsel (see Matter of Smiley, 36 NY2d 433, 438 [1975]). Moreover, we reach this conclusion solely upon the factual circumstances presented in this case, as well as the long-standing significance and emphasis placed upon a parent's duty to provide child support for his or her children. Therefore, under the circumstances presented here, specifically the fact that defendant has willfully violated his obligation to provide financial support for his children and the retainer fee was paid to Thaler & Thaler in a manner in which defendant has access to any unused funds, we conclude that the restraining order was properly placed on the retainer funds.

Finally, as to defendant's claim that the information subpoena

---

* CPLR 5222 (e) excludes Supplemental Security Income, Social Security, public assistance (welfare), spousal support, maintenance, child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veteran's benefits, a certain portion of recently earned wages and a certain portion of bank accounts with funds and Black Lung benefits.

was "totally inappropriate and serves no useful, justifiable purpose," we note that the details regarding a client's fee arrangement with his or her attorney "is a collateral matter which, unlike communications which relate to the subject matter of the attorney's professional employment, is not privileged" (*Matter of Priest v Hennessy*, 51 NY2d 62, 69 [1980]; *see Oppenheimer v Oscar Shoes*, 111 AD2d 28, 29 [1985]).

Cardona, P.J., Mercure, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.