■ Born to Build, LLC, Respondent, v Ibrahim Saleh, Also Known as Kamel Saleh and Others, et al., Defendants. Kamel Saleh, Nonparty Appellant. [4 NYS3d 72]—

In an action, inter alia, to recover damages for breach of contract, nonparty Kamel Saleh appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered December 1, 2011, which, after a hearing, denied his motion, in effect, pursuant to CPLR 5239 to vacate certain executions and void certain levies upon the subject parcels of real property located in Manhattan, Long Island City, and Astoria.

Ordered that the appeal from so much of the order as denied those branches of the appellant's motion which were, in effect, pursuant to CPLR 5239 to vacate certain executions and void certain levies upon the subject parcels of real property located in Manhattan and Astoria is dismissed as academic in light of the vacatur of those portions of the order in a subsequent order of the same court entered February 25, 2013; and it is further,

Ordered that the order is reversed insofar as reviewed, on the facts, with costs, that branch of the appellant's motion

which was, in effect, pursuant to CPLR 5239 to vacate the execution and void the levy upon the subject parcel of property located in Long Island City is granted, the subject execution is vacated, and the subject levy is voided; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In this action, the plaintiff seeks, inter alia, to recover damages from the defendant Ibrahim Saleh (hereinafter Ibrahim) for breach of contract. After obtaining a judgment against Ibrahim, the plaintiff sought to execute against three properties, located at 354 East 116th Street in Manhattan (hereinafter the Manhattan property), 30-63 Steinway Street in Long Island City (hereinafter the LIC property), and 23-62 Steinway Street in Astoria (hereinafter the Astoria property), in which it believed Ibrahim had an ownership interest. Executions and notices of levy and sale were issued as to each of the three properties.

The legal owners of record of the subject properties were three LLCs: Prime Property Group, LLC, 33-06 31st, LLC, and 23-62 Steinway St., LLC (hereinafter collectively the LLCs). The executions and the notices of levy and sale were, therefore, sent to the LLCs. From these notices, Ibrahim's brother, nonparty Kamel Saleh (hereinafter Kamel), learned of the plaintiff's attempt to execute its judgment against these properties. Kamel thereupon moved, in the original action, for an order enjoining execution against these properties. The Supreme Court treated Kamel's motion as if it were a properly commenced special proceeding pursuant to CPLR 5239 and stayed execution of the judgment. After a hearing to determine ownership of the subject properties, the court determined that Ibrahim was the true beneficial owner of all three properties, and in an order entered December 1, 2011, the court denied Kamel's motion, in effect, to vacate the executions and void the levies and lifted the stays of execution.

In addition to this appeal from the order entered December 1, 2011, Kamel subsequently moved for relief from that order. In an order entered February 25, 2013, the Supreme Court, in effect, granted reargument, and, upon reargument, determined that the plaintiff should not be permitted to execute its judgment against the Manhattan and Astoria properties and vacated those provisions of the December 1, 2011, order. However, the court adhered to that provision of the December 1, 2011, order which determined that the plaintiff could execute its judgment against the LIC property. Because the February 25, 2013, order vacated the provisions of the order entered December 1, 2011, relating to the Manhattan and

Astoria properties, Kamel's appeal from those provisions of the order has been rendered academic. Accordingly, we review only so much of the order entered December 1, 2011, as related to the LIC property.

Here, although Kamel did not properly commence a separate special proceeding as contemplated by CPLR 5239, given Kamel's failure to object to the Supreme Court's characterization of his motion and his failure to proffer any alternative statute as the basis for relief, the Supreme Court providently exercised its discretion in treating the motion as such and deciding it on the merits (*see Wander v St. John's Univ.*, 99 AD3d 891, 894 [2012]; *Tae Hwa Yoon v New York Hahn Wolee Church, Inc.*, 56 AD3d 752, 755 [2008]).

Pursuant to CPLR 5239, "any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt" (CPLR 5239; *see Cruz v TD Bank, N.A.*, 22 NY3d 61, 68 [2013]). The court may "vacate the execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded" and, if necessary, may hold a hearing to determine the proper disposition (CPLR 5239; *see Matter of Winston Capital, LLC v Abadiam*, 70 AD3d 414 [2010]; *Matter of Lavi v Powerserve Intl.*, 2 AD3d 859 [2003]). As the party seeking relief, "it [is the] petitioner's burden to proffer evidence demonstrating that the property was not subject to the lien identified in the notice of sheriff's sale" (*Matter of Soressi v SWF, L.P.*, 81 AD3d 1143, 1144 [2011]).

At the hearing, Kamel presented mortgage documents relating to the purchase of the LIC property, as well as documents identifying him as the principal of the LLC which held legal title to that property and his own personal guaranty for the $1.45 million mortgage loan for that property. Accordingly, Kamel met his burden of demonstrating that the LIC property was not subject to execution (*see Matter of Soressi v SWF, L.P.*, 81 AD3d at 1144). The plaintiff failed to refute this showing by proffering credible evidence establishing that Ibrahim had any interest in that property, instead relying primarily on hearsay statements regarding Ibrahim's alleged and unsupported claims of ownership which, contrary to the plaintiff's contention, were not admissible pursuant to any hearsay exception (*see e.g. Adobea v Junel*, 114 AD3d 818, 820-821 [2014]). Accordingly, the Supreme Court should have granted that branch of Kamel's motion which was, in effect, to vacate the execution and void the levy relating to the LIC property. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.