Appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered August 24, 2016. The order denied the defendant’s renewed motion to direct the release of certain escrow funds to the plaintiff pursuant to a stipulation of settlement between the plaintiff and the defendant, directed that those funds be released to nonparty Chicago Title Insurance Company, and authorized the plaintiff to enter judgment against the defendant in the sum of “$725,000, less any amounts paid pursuant to the settlement agreement, with interest from February 16, 2016.”
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff, Mark Freedman, and the defendant, Uri Hason, were formerly business partners who owned and developed real property in the name of limited liability companies, including Northwood Village, LLC (hereinafter Northwood Village). On October 27, 2010, nonparty Unique Designs by Uzi, Ltd. (hereinafter Uzi), obtained a judgment in the sum of $347,845.15 against Northwood Village based upon a confession of judgment signed by Hason. The judgment contained a discrepancy in that, while the caption read “Northwood Village, LLC,” the body of the judgment stated that Uzi would recover the sum of $347,845.15 from “North-wood Estates, LLC.” The judgment was docketed under “Northwood Estates, LLC.”
 

 In November 2012, Freedman commenced this action against Hason alleging breach of contract. Thereafter, by contract dated September 4, 2014, Northwood Village sold real property to a nonparty for the sum of $725,000. Of that sum, $365,000 was placed in escrow with Hason’s attorney, Jonathan Fisher, and the remaining $360,000 was held in escrow by the purchaser’s attorney, Rothkrug & Rothkrug. The contract stated that the purpose of the escrow was “to pay the debts and expenses of Seller,” but did not specify what those debts were.
 

 The judgment for the sum of $347,845.15 against Northwood Village was not found in any title searches because the judgment was docketed under the name Northwood Estates, and the nonparty-respondent Chicago Title Insurance Company (hereinafter Chicago Title) insured the title without an exception for Uzi’s judgment lien. Uzi’s judgment was not corrected until December 11, 2014. At that juncture, its existence became known to Chicago Title, which purchased the lien from Uzi.
 

 On February 16, 2016, Freedman and Hason entered into a written agreement settling this action. The agreement provided that “Hason shall pay to Freedman or his designee, the sum of . . . $725,000 (the ‘Settlement Payment’) to be paid from funds held in escrow. Such payment shall be made by Jonathan Fisher, Esq., and Simon Rothkrug, Esq., in immediately available funds.”
 

 Rothkrug & Rothkrug refused to release the funds it was holding in escrow, because Chicago Title had asserted a claim against those funds in the sum of $347,845.15. Hason moved to direct the release of the funds from escrow, asserting that the judgment was not a valid lien on the real property sold by Northwood Village because it was improperly docketed under the name “Northwood Estates.” Hason’s original motion for that relief was denied by order entered April 13, 2016, with leave to renew upon papers showing that the judgment was not a lien on the property. Hason renewed his motion, arguing that the judgment was not a lien on the property because it was not corrected until December 2014, after the property had been sold.
 

 The Supreme Court denied the renewed motion on the ground that “[b]oth Northwood Village and Hason, who signed the confession of judgment, had actual knowledge of the judgment at all times.” The court directed that the escrow funds be released to Chicago Title, and authorized Freedman to enter a judgment against Hason in the sum of “$725,000, less any amounts paid pursuant to the settlement agreement, with interest from February 16, 2016.” Hason appeals.
 

 Hason’s contention that the proceeds of a sale of real property to a bona fide purchaser for value are free of any claims by creditors of the recipient of the proceeds is without merit. Rather, when a plaintiff cannot follow the land because it was sold to a bona fide purchaser for value, the plaintiff may follow the money to assert a claim against the proceeds of the sale (see Mooney v Byrne, 163 NY 86 [1900]). Where a debtor places funds in escrow for the payment of specific creditors, as long as those funds remain subject to the debtor’s “present or future control,” those funds are subject to claims brought by other creditors who know about the escrow funds (Potter v MacLean, 75 AD3d 686, 687 [2010] [internal quotation marks omitted]; Koroleski v Badler, 32 AD2d 810, 811 [1969]).
 

 Here, the funds held in escrow were not transferred to anyone at the time of the sale. More than a year later, in February 2016, Hason agreed to transfer the funds to Freedman, demonstrating that Hason retained control over the funds. The judgment held by Uzi and assigned to Chicago Title was a superior claim to the contract right of Freedman to those funds. Accordingly, Hason’s renewed motion to direct the release of the escrow funds to Freeman was properly denied.
 

 The settlement agreement explicitly stated that the agreed-upon sum of $725,000 was to be paid out of funds held in escrow. As a result of the prior claim of Chicago Title, that sum cannot be paid in full from the funds held in escrow, so that performance of the settlement agreement pursuant to its terms is impossible. The settlement agreement is a contract, subject to contract defenses, including impossibility of performance. Impossibility of performance arises when a party cannot perform a contract due to circumstances beyond that party’s control (see Matter of Rebell v Trask, 220 AD2d 594 [1995]). “[T]he impossibility must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract” (Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]). Here, seizure of the escrow funds by another creditor was foreseeable, since Hason knew of Uzi’s claim and signed the confession of judgment. Accordingly, Hason was not relieved of his obligations under the stipulation of settlement.
 

 In view of the foregoing, the order appealed from must be affirmed.
 

 Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.