Cable v State of New York (2020 NY Slip Op 02453)





Cable v State of New York


2020 NY Slip Op 02453


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-00533

[*1]Edward Cable, et al., appellants, 
v
State of New York, respondent. (Claim No. 129832)


Gallo Vitucci Klar LLP, New York, NY (Matthew P. Levy and Yolanda L. Ayala of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Scott A. Eisman, and Ari Savitzky of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Walter Rivera, J.), dated October 26, 2018. The order denied the claimants' motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the claim.
ORDERED that the order is affirmed, with costs.
On the night of June 2, 2017, New York State Trooper Daniel Balletto was operating an emergency vehicle. He pulled onto the right shoulder of the northbound Palisades Parkway near Exit 12 to issue a traffic ticket to the driver of a vehicle. When Balletto was finished, he drove his vehicle onto the roadway to make a U-turn to respond to a radio dispatch regarding a trooper in need of assistance. Before pulling out from the shoulder, he observed the traffic conditions and believed that the approaching northbound vehicles were sufficiently behind him and that it was safe for him to execute a U-turn. To reach the southbound Palisades Parkway, Balletto had to traverse two northbound lanes and a grassy median. When the emergency vehicle was partially in the median, Balletto heard a noise. According to the claimant Edward Cable (hereinafter the claimant), he was traveling on his motorcycle in the right northbound lane when he saw the defendant's vehicle pull out from the shoulder. Fearing an impact, the claimant applied his brake, lost control of his motorcycle, and fell off his motorcycle. The emergency vehicle never came into contact with the claimant or his motorcycle.
The claimant, and his wife suing derivatively, commenced this claim against the defendant. The claimants moved for summary judgment on the issue of liability. They argued, inter alia, that Balletto's conduct should be evaluated by the ordinary negligence standard and not the reckless disregard standard set forth in Vehicle and Traffic Law § 1104(e) since Balletto was not engaged in one of the activities enumerated in Vehicle and Traffic Law § 1104(b) at the time of the incident. The defendant cross-moved for summary judgment dismissing the claim. The defendant argued that Balletto was involved in an emergency operation at the time of the incident, and that Vehicle and Traffic Law § 1104(b)(4) applied since Balletto was attempting to make an illegal U-turn. The defendant also argued that Balletto did not operate the emergency vehicle in reckless disregard for the safety of others. The Court of Claims denied the claimants' motion and granted the defendant's cross motion. The claimants appeal.
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d 217, 220; see Reid v City of New York, 148 AD3d 739, 740). "Conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b) includes disregarding regulations governing the direction of movement or turning in specified directions" (Thomas v City of New York, 172 AD3d 1132, 1133; see Vehicle and Traffic Law § 1104[b][4]).
Here, the defendant established, prima facie, that by attempting to execute a U-turn in response to another trooper's radio call for assistance, Balletto's conduct was exempted from the rules of the road by section 1104(b)(4), and that, as a result, his conduct was governed by the reckless disregard standard of care in section 1104(e) (see Vehicle and Traffic Law § 1104[b][4]; Flood v City of Syracuse, 166 AD3d 1573; Dodds v Town of Hamburg, 117 AD3d 1428, 1429; see also Thomas v City of New York, 172 AD3d at 1133; Jones v Albany County Sheriffs Dept., 123 AD3d 1331, 1332-1333). The defendant also established, prima facie, that Balletto did not operate the emergency vehicle in reckless disregard for the safety of others (see Frezzell v City of New York, 24 NY3d 213, 217-218; Sarrinen v Kerr, 84 NY2d 494, 503; Thomas v City of New York, 172 AD3d at 1133; Flood v City of Syracuse, 166 AD3d at 1573-1574; Dodds v Town of Hamburg, 117 AD3d at 1429-1430). In opposition, the claimants failed to raise a triable issue of fact as to whether Balletto's conduct rose to the level of reckless disregard for the safety of others. In light of our determination, the parties' contentions regarding the ordinary negligence standard of care have been rendered academic.
Accordingly, we agree with the Supreme Court's determination to deny the claimants' motion for summary judgment on the issue of liability and to grant the defendant's motion for summary judgment dismissing the claim.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court