Bourdierd v City of Yonkers (2023 NY Slip Op 00981)

Bourdierd v City of Yonkers

2023 NY Slip Op 00981

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2021-08496
 (Index No. 64208/19)

[*1]Miguel A. Bourdierd, appellant, 
v
City of Yonkers, et al., respondents.

William Schwitzer & Associates, P.C., New York, NY (Edwin S. Kim of counsel), for appellant.
Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (David P. Redmond of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated October 6, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when the vehicle he was operating collided with a marked police vehicle operated by the defendant Albert Hughes, a police officer. The collision occurred when Hughes, who had been traveling west on Cross Hill Avenue in Yonkers, attempted to make a U-turn at the intersection of Cross Hill Avenue and Corbalis Place to pursue the operator of a third vehicle (hereinafter the offending vehicle) for failing to stop at a stop sign and for speaking on her cell phone. After he started to make the U-turn, Hughes's vehicle collided with the plaintiff's vehicle, which had been traveling south on Corbalis Place and was attempting to turn left onto Cross Hill Avenue.
The defendants moved for summary judgment dismissing the complaint, contending that Hughes's conduct in operating the police vehicle was governed by the reckless disregard standard of care in Vehicle and Traffic Law § 1104, and that he did not act with reckless disregard for the safety of others. In an order dated October 6, 2021, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d 217, 220; see Cable v State of New York, 182 AD3d 569, 570-571). "Conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b) includes disregarding regulations governing the direction of movement or turning in [*2]specified directions" (Cable v State of New York, 182 AD3d at 571 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1104[b][4]). Here, the defendants established, prima facie, that Hughes's conduct in attempting to execute a U-turn to pursue a suspected violator of the law was exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)(4), and that, as a result, his conduct was governed by the reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) (see id. §§ 114-b, 1104[b][4]; Cable v State of New York, 182 AD3d at 571; Flood v City of Syracuse, 166 AD3d 1573, 1573; see also Chesney v City of Yonkers, 167 AD3d 567, 568).
However, the defendants failed to establish, prima facie, that Hughes did not act in reckless disregard for the safety of others in the operation of his vehicle. The reckless disregard standard "requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d 494, 501, quoting Prosser & Keeton, Torts § 34 at 213 [5th ed 1984]; see Frezzell v City of New York, 24 NY3d 213, 217; Thomas v City of New York, 172 AD3d 1132, 1133). In support of their motion, the defendants submitted, inter alia, transcripts of Hughes's deposition testimony and the plaintiff's testimony at a General Municipal Law § 50-h hearing and at his deposition. Hughes testified that after the offending vehicle passed him, he took his eyes off the road and looked into his left side mirror to see the offending vehicle's license plate number. When he resumed looking straight ahead, the plaintiff's vehicle was less than half a car length in front of him. Although Hughes testified that he applied the brakes once he saw the plaintiff's vehicle, the plaintiff testified that the collision occurred when Hughes turned sharply into the path of the plaintiff's vehicle and then accelerated. According to both Hughes and the plaintiff, Hughes did not activate his turn signal, lights, or siren before he started the U-turn. Thus, the defendants' submissions presented a triable issue of fact as to whether Hughes was reckless in attempting to make a U-turn without taking precautionary measures to avoid causing harm to others (see Rodriguez-Garcia v Southampton Police Dept., 185 AD3d 744, 745; cf. Frezzell v City of New York, 24 NY3d at 217-219; Cable v State of New York, 182 AD3d at 570-571; Flood v City of Syracuse, 166 AD3d at 1573-1574).
The defendants' remaining contention, which is raised as an alternative ground for affirmance, is without merit.
The defendants' failure to establish their prima facie entitlement to judgment as a matter of law requires the denial of their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Cordero v Nunez, 179 AD3d 635, 636).
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court