Moore v City of New York (2023 NY Slip Op 05128)

Moore v City of New York

2023 NY Slip Op 05128

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-09056
 (Index No. 19614/11)

[*1]Robyn B. Moore, respondent-appellant, 
v
City of New York, et al., appellants-respondents.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Chloe K. Moon of counsel), for appellants-respondents.
Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville, NY (Eric Lamonsoff, Michael E. Bergman, and Julie T. Mark of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries and injury to property, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated October 13, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the cross-appeal is dismissed, as the plaintiff is not aggrieved by the order cross-appealed from (see CPLR 5511); and it is further,
ORDERED that the order is reversed, on the law, and the defendants' motion for summary judgment dismissing the complaint is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff and the defendant Sean W. Roberts were involved in a motor vehicle collision. At the time of the collision, Roberts was driving a fire engine on an emergency call. The plaintiff stopped in the right lane at an intersection because she saw the fire engine, with its lights and sirens activated, coming up behind her. At the intersection, Roberts made a right turn either from the lane immediately to the left of the plaintiff or from the oncoming traffic lane that was two lanes to the plaintiff's left. During that right turn, the fire engine collided with the plaintiff's vehicle.
The plaintiff subsequently commenced this action against the City of New York and Roberts to recover damages for personal injuries and injury to property. The defendants moved for summary judgment dismissing the complaint. In an order dated October 13, 2021, the Supreme Court determined that the applicable standard of care was reckless disregard pursuant to Vehicle and Traffic Law § 1104. The court concluded that there were triable issues of fact as to whether Roberts had acted with reckless disregard, and the court, therefore, denied the defendants' motion. The defendants appeal, and the plaintiff cross-appeals.
The plaintiff's cross-appeal must be dismissed. A party is not aggrieved merely because it "disagrees with the particular findings, rationale or the opinion supporting" a judgment [*2]or order (Parochial Bus. Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545). That an order "may contain language or reasoning which . . . parties deem adverse to their interests does not furnish them with a basis for standing to take an appeal" (Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473).
Turning to the defendants' appeal, "[t]he driver of an authorized emergency vehicle, when involved in an emergency operation, may exercise the privileges set forth in [Vehicle and Traffic Law § 1104], but subject to the conditions herein stated" (Vehicle and Traffic Law § 1104[a]). "The driver of an authorized emergency vehicle may[ ] . . . [p]roceed past a steady red signal, . . . but only after slowing down as may be necessary for safe operation" (id. § 1104[b][2]). A driver of an authorized emergency vehicle may also "[d]isregard regulations governing directions of movement or turning in specified directions" (id. § 1104[b][4]). "The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his [or her] reckless disregard for the safety of others" (id. § 1104[e]).
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)" (Bourdierd v City of Yonkers, 213 AD3d 899, 900 [internal quotation marks omitted]). "Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (id. at 900 [internal quotation marks omitted]). "The reckless disregard standard requires evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (id. at 901 [internal quotation marks omitted]). "The reckless disregard standard, which requires that a plaintiff show more than a momentary judgment lapse on the part of the defendant, allows emergency personnel to act swiftly and resolutely while at the same time protecting the public's safety" (Ayers v O'Brien, 13 NY3d 456, 459 [internal quotation marks omitted]).
Here, the defendants demonstrated, prima facie, that the applicable standard of care was reckless disregard, as Roberts was engaging in conduct specified in Vehicle and Traffic Law §§ 1104(b)(2) and 1104(b)(4) at the time of the collision (see Vehicle and Traffic Law §§ 1104[b][2], 1104[b][4]; 1160[a], 1163[a]; Thomas v City of New York, 172 AD3d 1132, 1133). The defendants further demonstrated, prima facie, that Roberts's conduct did not rise to the level of reckless disregard for the safety of others (see Bourdierd v City of Yonkers, 213 AD3d at 901). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
The parties' remaining contentions are without merit.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court