Alonso v Crest Transp. Serv., Inc. (2024 NY Slip Op 01788)

Alonso v Crest Transp. Serv., Inc.

2024 NY Slip Op 01788

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-02607
 (Index No. 520715/20)

[*1]Adolfo Chino Alonso, respondent, 
v
Crest Transportation Service, Inc., etc., appellant, et al., defendant.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for appellant.
Gekman Law Firm, P.C., Brooklyn, NY (Zoya Gekman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Crest Transportation Service, Inc., doing business as Assist Ambulance, appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated February 15, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Crest Transportation Service, Inc., doing business as Assist Ambulance, for summary judgment dismissing the complaint insofar as asserted against it is granted.
An ambulance owned by the defendant Crest Transportation Service, Inc., doing business as Assist Ambulance (hereinafter Crest), and operated by nonparty Reana Blandford, struck the plaintiff's vehicle in Kings County. The ambulance was transporting a patient with its lights and sirens activated, straddling the double-yellow line on the road, and traveling at less than 20 miles per hour. The plaintiff allegedly moved his vehicle to the right side of the road and was not moving, when the ambulance struck the rear driver's side of the plaintiff's vehicle. However, according to Blandford, the plaintiff's vehicle, which had moved to the right side of the road, began traveling alongside the ambulance as the ambulance passed the plaintiff's vehicle, when the passenger side mirror of the ambulance came into contact with the driver's side mirror of the plaintiff's vehicle.
The plaintiff commenced this action against Crest and another defendant to recover damages for personal injuries that the plaintiff allegedly sustained as a result of the accident. Crest moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the reckless disregard standard applied and that Blandford did not operate the ambulance with reckless disregard for the safety of others. In an order dated February 15, 2023, the Supreme Court denied Crest's motion. Crest appeals.
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d 217, 220; see Bourdierd v City of Yonkers, 213 [*2]AD3d 899, 900). "Conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b) includes disregarding regulations governing the direction of movement or turning in specified directions" (Thomas v City of New York, 172 AD3d 1132, 1133; see Vehicle and Traffic Law § 1104[b][4]; Cable v State of New York, 182 AD3d 569, 571). "The reckless disregard standard, which requires that a plaintiff show more than a momentary judgment lapse on the part of the defendant, allows emergency personnel to act swiftly and resolutely while at the same time protecting the public's safety" (Ayers v O'Brien, 13 NY3d 456, 459 [internal quotation marks omitted]; see Moore v City of New York, 220 AD3d 767, 769).
Here, Crest demonstrated, prima facie, that Blandford's conduct was governed by the reckless disregard standard of care. Crest's evidence showed that, at the time of the accident, Blandford was operating an ambulance, an authorized emergency vehicle (see Vehicle and Traffic Law § 101), in an emergency operation (see id. § 114-b), with its sirens and lights activated (see id. § 1104[c]). In addition, Blandford was engaged in conduct privileged under Vehicle and Traffic Law § 1104(b)(4), since the ambulance was straddling the double-yellow line in disregard of regulations "governing directions of movement." Furthermore, although Blandford and the plaintiff provided conflicting deposition testimony as to the facts surrounding the accident, Crest demonstrated, prima facie, that under either scenario, Blandford's conduct did not rise to the level of reckless disregard for the safety of others (see Moore v City of New York, 220 AD3d at 769; Proce v Town of Stony Point, 185 AD3d 975, 977; Thomas v City of New York, 172 AD3d at 1133). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted Crest's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court