Matter of Avigdor v Avigdor (2026 NY Slip Op 00892)

Matter of Avigdor v Avigdor

2026 NY Slip Op 00892

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-07115
 (Index No. 508238/22)

[*1]In the Matter of David Avigdor, et al., respondents- appellants, 
vMorton Avigdor, et al., respondents, Choice Abstract Corp., etc., appellant-respondent, Estate of Elias Gelbwachs, et al., respondents- respondents.

Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellant-respondent.
Alan J. Wohlberg, Brooklyn, NY, for respondents-appellants.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR 5239 to determine adverse claims to money held in escrow, Choice Abstract Corp. appeals, and the petitioners cross-appeal, from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated May 31, 2023. The order, insofar as appealed from, determined that the petitioners had standing to commence this proceeding. The order, insofar as cross-appealed from, denied the petition.
ORDERED that the appeal is dismissed, without costs or disbursements, as Choice Abstract Corp. is not aggrieved by the order appealed from (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from, without costs or disbursements.
In 2014, Moshe Twersky, as executor of the estate of Elias Gelbwachs, obtained a money judgment against Morton Avigdor (hereinafter the Twersky judgment). The Twersky judgment was docketed against Morton in the Kings County Clerk's Office. In June 2019, the petitioners, David Avigdor and Merrill Avigdor, Morton's brothers, obtained an arbitration award against Morton arising out of Morton's misappropriation of funds relating to their mother's estate. Upon learning that Morton had contracted to sell his home in Brooklyn (hereinafter the subject property), David, as executor of his mother's estate, commenced a proceeding against Morton pursuant to CPLR article 75 to confirm the arbitration award, and Morton was enjoined from selling the subject property. In a so-ordered stipulation of settlement executed by, among others, Morton, David, and Merrill, it was agreed that David would withdraw the proceeding against Morton without prejudice and that upon the closing of the sale of the subject property, Morton would deposit into escrow the sum of $700,000 (hereinafter the escrow funds), to be held by Choice Abstract Corp. (hereinafter Choice), as escrow agent. Thereafter, Morton sold the subject property, and $700,000 of the sale proceeds was held by Choice in escrow.
In March 2020, the petitioners commenced a proceeding against Morton pursuant to [*2]CPLR article 75 to confirm the arbitration award. In an order dated July 30, 2021, the Supreme Court, inter alia, confirmed the arbitration award. In a letter dated November 25, 2021, the petitioners, Morton, and another sibling requested that Choice release $631,000 of the escrow funds to David and the balance of the escrow funds to Morton in accordance with the stipulation of settlement. In a letter dated January 5, 2022, the attorney for Gelbwachs's estate and Twersky, as executor of Gelbwachs's estate, advised Choice of the Twersky judgment and directed Choice "not to release the [escrow] funds . . . pending resolution of this matter."
In March 2022, the petitioners commenced this proceeding pursuant to CPLR 5239 and 5240 to determine adverse claims to the escrow funds against, among others, Morton, Choice, Gelbwachs's estate, and Twersky, individually and as executor of Gelbwachs's estate, asserting that the escrow funds should be released to the petitioners. Choice answered the petition and asserted a counterclaim against the petitioners and a cross-claim against Morton. Gelbwachs's estate and Twersky (hereinafter together the Twersky respondents) submitted papers in opposition to the petition. In an order dated May 31, 2023, the Supreme Court, among other things, determined that the petitioners had standing to commence this proceeding under CPLR 5239 and 5240, inter alia, as interested persons and denied the petition. Choice appeals, and the petitioners cross-appeal.
The appeal by Choice must be dismissed. "A party is not aggrieved merely because it 'disagrees with the particular findings, rationale or the opinion supporting' a judgment or order" (Moore v City of New York, 220 AD3d 767, 768, quoting Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545). "That an order 'may contain language or reasoning which . . . parties deem adverse to their interests does not furnish them with a basis for standing to take an appeal'" (Moore v City of New York, 220 AD3d at 768, quoting Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473).
CPLR 5239 provides that "[p]rior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt." In such a proceeding, "[t]he court may vacate the execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded" (id.).
Here, contrary to Choice's contention, which is raised as an alternative ground for affirmance, the Supreme Court properly determined that the petitioners had standing to commence this proceeding as "interested person[s]" (id.; see Born to Build, LLC v Saleh, 125 AD3d 706, 707).
The petitioners contend that the stipulation of settlement and the order dated July 30, 2021, confirming the arbitration award put the escrow funds beyond the Twersky respondents' reach. This contention is without merit. "Where a debtor places funds in escrow for the payment of specific creditors, as long as those funds remain subject to the debtor's 'present or future control,' those funds are subject to claims brought by other creditors who know about the escrow funds" (Freedman v Hason, 155 AD3d 831, 832, quoting Potter v MacLean, 75 AD3d 686, 687).
Here, the escrow funds were not transferred to anyone at the time of the sale of the subject property. The November 25, 2021 letter, which directed Choice to release the escrow funds, demonstrated that the petitioners and Morton retained control over the escrow funds (see id.). Accordingly, the Supreme Court properly denied the petition.
The petitioners' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court