Wonderly v City of Poughkeepsie (2020 NY Slip Op 03690)





Wonderly v City of Poughkeepsie


2020 NY Slip Op 03690


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2016-11232
 (Index Nos. 5874/13, 6181/13)

[*1]Lawrence Wonderly, etc., appellant,
v
City of Poughkeepsie, et al., respondents, et al., defendants. (Action No. 1.)
Alan DeSantola, etc., et al., appellants,
v
City of Poughkeepsie, et al., respondents, et al., defendants. (Action No. 2.)


Rusk, Waldin, Heppner & Martuscello, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant in Action No. 1, and Gersowitz Libo & Korek (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellants in Action No. 2 (one brief filed).
McCabe & Mack, LLP, Poughkeepsie, NY (Kimberly Lee Hunt of counsel), for respondents City of Poughkeepsie and City of Poughkeepsie Police Department.
James R. McCarl, Montgomery, NY, for defendants Ryan Floryan and Tareebia Q. Wakley (no brief filed).



DECISION & ORDER
In two related actions to recover damages for personal injuries and wrongful death, etc., the plaintiff in Action No. 1 and the plaintiffs in Action No. 2 separately appeal from an amended order of the Supreme Court, Dutchess County (James W. Hubert, J.), dated September 29, 2016. The amended order, insofar as appealed from, granted that branch of the motion of the defendants City of Poughkeepsie and City of Poughkeepsie Police Department which was for summary judgment dismissing the complaints insofar as asserted against them.
ORDERED that the amended order is affirmed insofar as appealed from, with one bill of costs.
On August 1, 2012, police officers employed by the defendant City of Poughkeepsie Police Department, while driving in a police car, attempted to pull over a vehicle driven by the defendant Ryan Floryan, who sped away. The police followed Floryan's vehicle, which struck another vehicle at a high rate of speed when Floryan went through a red light. The collision killed Shawn E. Wonderly and Patricia Wonderly, and injured their two children.
The plaintiff in Action No. 1 and the plaintiffs in Action No. 2, representatives of the Wonderly family members, commenced separate actions against, among others, the City of [*2]Poughkeepsie and the City of Poughkeepsie Police Department (hereinafter together the municipal defendants) to recover damages for personal injuries and wrongful death. The municipal defendants moved, inter alia, for summary judgment dismissing the complaints insofar as asserted against them. In an amended order dated September 29, 2016, the Supreme Court granted that branch of the municipal defendants' motion which was for summary judgment dismissing the complaints insofar as asserted against them. The plaintiff in Action No. 1 and the plaintiffs in Action No. 2 separately appeal.
Summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see Ayers v City of Mount Vernon, 176 AD3d 766, 769). Once the movant makes a prime facie showing that it is entitled to judgment as a matter of law, the burden shifts to the nonmovant to demonstrate the existence of factual issues requiring trial (see Ayers v City of Mount Vernon, 176 AD3d at 769; Kaluga v Korytowsky, 269 AD2d 566, 566). Conclusory assertions are insufficient to demonstrate the existence of any material issues of fact (see Ayotte v Gervasio, 81 NY2d 1062, 1062).
"Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation, and precludes the imposition of liability for otherwise privileged conduct except where the driver acted in reckless disregard for the safety of others" (Thomas v City of New York, 172 AD3d 1132, 1133; see Saarinen v Kerr, 84 NY2d 494, 497). This "reckless disregard" standard requires evidence that the officer has "intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d 494, 501 [internal quotation marks omitted]; see Alexander v City of New York, 176 AD3d 659, 660; Quintana v Wallace, 95 AD3d 1287, 1288).
Here, the municipal defendants, in moving for summary judgment, established, prima facie, that the police officers did not act in reckless disregard for the safety of others in commencing, conducting, or failing to terminate their pursuit of Floryan's vehicle prior to Floryan's decision to abruptly accelerate his vehicle to an excessive speed and run through a red light (see Saarinen v Kerr, 84 NY2d at 501; Alexander v City of New York, 176 AD3d at 660-661; Thomas v City of New York, 172 AD3d at 1133; Daly v County of Westchester, 63 AD3d 988, 989; Nurse v City of New York, 56 AD3d 442, 443; cf. Foster v Suffolk County Police Dept., 137 AD3d 855, 856; Quintana v Wallace, 95 AD3d at 1288). Where, as here, the police officers attempted nothing more dangerous than to activate their emergency lights and siren in an attempt to bring Floryan's speeding vehicle to a safe stop at a red light intersection, such actions created no known or obvious risks to other motorists, to Floryan, or to the police officers, and such actions were not "of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and [w]as done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d at 501).
In opposition, the plaintiffs failed to raise a triable issue of fact (see Alexander v City of New York, 176 AD3d at 660-661; Thomas v City of New York, 172 AD3d at 1133-1134; Daly v County of Westchester, 63 AD3d at 989; Nurse v City of New York, 56 AD3d at 443; Shephard v City of New York, 39 AD3d 842, 843). The conclusory and speculative conclusions set forth in the affidavit of the plaintiffs' expert witness, and the excerpts from the City of Poughkeepsie Police Department Policy and Procedures manual furnished therewith, did not raise triable issues of fact requiring the denial of summary judgment (see Zuckerman v City of New York, 49 NY2d 557, 562; Bruno v T-Mobile USA, Inc., 176 AD3d 1160, 1162; Strickland v Long Is. Rail Rd., 175 AD3d 635, 636; see also Martinez v City of Rochester, 164 AD3d 1655, 1656; Turini v County of Suffolk, 8 AD3d 260, 262; Teitelbaum v City of New York, 300 AD2d 649, 650).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the municipal defendants' motion which was for summary judgment dismissing the complaints insofar as asserted against them.
The parties' remaining contentions need not be reached in light of our determination.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court