Rodriguez-Garcia v Southampton Police Dept. (2020 NY Slip Op 03813)





Rodriguez-Garcia v Southampton Police Dept.


2020 NY Slip Op 03813


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-14041
 (Index No. 17369/14)

[*1]Irma Rodriguez-Garcia, appellant, 
v
Southampton Police Department, et al., respondents.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated August 11, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The defendant Jeremy McMahon, a police officer with the Southampton Town Police Department, while responding to a radio call, was passing a line of cars by straddling the double-yellow line in the middle of the road when his vehicle collided with the lead vehicle, which had begun to make a left-hand turn. The plaintiff, who was the driver of the lead vehicle, commenced this personal injury action against the Southampton Police Department, Southampton Town Police Department, the Town of Southampton, and McMahon. The defendants moved for summary judgment dismissing the complaint. In an order dated August 11, 2018, the Supreme Court granted the defendants' motion. The plaintiff appeals.
Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation, and precludes the imposition of liability for otherwise privileged conduct except where the driver acted in reckless disregard for the safety of others (see Saarinen v Kerr, 84 NY2d 494, 497). Such standard "demands more than a showing of a lack of due care under the circumstances'—the showing typically associated with ordinary negligence claims. It requires evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (id. at 501, quoting Prosser & Keeton, Torts § 34 at 213 [5th ed]; see Frezzell v City of New York, 24 NY3d 213, 217).
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § [*2]1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d 217, 220). Conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b) includes disregarding regulations governing the direction of movement or turning in specified directions (see Vehicle and Traffic Law § 1104[b][4]).
Here, the defendants established that the reckless disregard standard of Vehicle and Traffic Law § 1104 was applicable to McMahon's conduct because he was responding to a radio call of a motor vehicle accident with unknown injuries (see Criscione v City of New York, 97 NY2d 152, 158). However, the defendants failed to establish their prima facie entitlement to judgment as a matter of law because their moving papers presented a triable issue of fact regarding whether McMahon was reckless in straddling the double-yellow line to pass a row of vehicles without using his warning siren or lights when he collided with the plaintiff's vehicle (see Ryan v Town of Riverhead, 117 AD3d 707, 710; Ham v City of Syracuse, 37 AD3d 1050, 1052). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiff to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Thus, we need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court