Fuchs v City of New York (2020 NY Slip Op 04382)





Fuchs v City of New York


2020 NY Slip Op 04382


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-11991
 (Index No. 28348/11)

[*1]Sara Fuchs, appellant, 
v
City of New York, et al., respondents, et al., defendants.


Israel & Lipsky (Powers & Santola, LLP, Albany, NY [Michael J. Hutter], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Simcha Rivkin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated September 11, 2017. The order granted the motion of the defendants City of New York and New York City Police Department for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when the vehicle she was operating was struck by another vehicle that was being pursued by the police. The street where the accident occurred was a one-way street, and the vehicle that was being pursued by the police struck the plaintiff's vehicle when it turned the wrong way onto the one-way street. The plaintiff commenced this action to recover damages for personal injuries against the defendants City of New York and the New York City Police Department (hereinafter together the defendants), among others. Following discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
Vehicle and Traffic Law § 1104 provides a qualified exemption to drivers of authorized emergency vehicles from certain traffic laws when they are involved in an emergency operation (see Frezzell v City of New York, 24 NY3d 213; Torres v Saint Vincent's Catholic Med. Ctrs. of N.Y., 117 AD3d 717, 717-718). Those traffic laws include, inter alia, exceeding the speed limit and disregarding regulations governing the direction of movement or turning in specified directions (see Vehicle and Traffic Law § 1104[a], [b]). Pursuant to Vehicle and Traffic Law § 1104(e), however, "[t]he foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others." Thus, the manner in which a driver of an authorized emergency vehicle operates the vehicle in an emergency situation may not form the basis for civil liability to an injured third party unless that authorized emergency driver acted in reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104[e]; Saarinen v Kerr, 84 NY2d 494, 501; Quintana v Wallace, 95 AD3d 1287). [*2]This "reckless disregard" standard requires evidence that the officer has "intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d at 501 [internal quotation marks omitted]; see Alexander v City of New York, 176 AD3d 659, 660).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the police officers involved in the pursuit of the vehicle, which pursuit involved exceeding the speed limit and disregarding regulations governing the direction of movement or turning in specified directions, did not act with reckless disregard for the safety of others (see Alexander v City of New York, 176 AD3d at 660). In addition, the proximate cause of the accident was the independent recklessness of the driver of the vehicle that was being pursued, and not the police officers' conduct in initiating the pursuit (see id. at 660-661; Melendez v City of New York, 171 AD3d 566; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court