Gaudio v City of New York (2020 NY Slip Op 08041)





Gaudio v City of New York


2020 NY Slip Op 08041


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-01285
 (Index No. 1472/13)

[*1]Julia Gaudio, etc., appellant,
v
City of New York, et al., respondents.


Rubenstein & Rynecki, Brooklyn, NY (Harper A. Smith of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Elina Druker of counsel), for respondents City of New York and New York City Police Department.
Tobias & Kuhn, New York, NY (Shahab Katirachi of counsel), for respondents Menachem Trietel and Rachel Abraham.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated December 13, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Menachem Trietel and Rachel Abraham which was for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the separate motion of the defendants City of New York and New York City Police Department which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Menachem Trietel and Rachel Abraham which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants Menachem Treitel and Rachel Abraham, and one bill of costs to the defendants City of New York and New York City Police Department payable by the plaintiff.
On December 5, 2011, the plaintiff's decedent, Jean-Claude Christopher Martial, was operating a motorcycle when it collided with a vehicle owned by the defendant Menachem Trietel and operated by the defendant Rachel Abraham at the intersection of Coney Island Avenue and Avenue J in Brooklyn. Abraham, who was operating her vehicle in a northerly direction on Coney Island Avenue, made a left turn onto Avenue J. Her vehicle was traveling in a westerly direction on Avenue J, within the intersection, when the rear passenger side of her vehicle made contact with Martial's motorcycle, which was traveling in a southerly direction on Coney Island Avenue. At the time of the accident, Martial was speeding to flee from an unmarked police vehicle operated by Police Officer Mohamed Eltony.
The plaintiff subsequently commenced this action, inter alia, to recover damages for [*2]wrongful death. Trietel and Abraham moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. The defendants City of New York and the New York City Police Department (hereinafter together the City defendants) separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted both motions. The plaintiff appeals.
We agree with the Supreme Court's determination to grant that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. "The manner in which an authorized emergency vehicle is operated in an emergency situation may not form the basis for civil liability unless the driver acted in reckless disregard for the safety of others" (Woodard v Thomas, 77 AD3d 738, 739; see Vehicle and Traffic Law § 1104[e]; Jobson v SM Livery, Inc., 175 AD3d 1510, 1511; Foster v Suffolk County Police Dept., 137 AD3d 855, 856). "The '[e]mergency operation' of a police vehicle includes 'pursuing an actual or suspected violator of the law'" (Gonzalez v Zavala, 88 AD3d 946, 947, quoting Vehicle and Traffic Law § 114-b). "The reckless disregard standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (Rios v City of New York, 144 AD3d 1011, 1011-1012; see Campbell v City of Elmira, 84 NY2d 505, 510; Saarinen v Kerr, 84 NY2d 494, 501; Quintana v Wallace, 95 AD3d 1287; Ferrara v Village of Chester, 57 AD3d 719).
Here, the City defendants established, prima facie, that Eltony did not operate his vehicle in reckless disregard for the safety of others in his pursuit of Martial, who was driving over the speed limit (see Gonzalez v Zavala, 88 AD3d at 948; Alexander v City of New York, 176 AD3d 659; Nurse v City of New York, 56 AD3d 442; Dorsey v City of Poughkeepsie, 275 AD2d 386; Young v Village of Lynbrook, 234 AD2d 455; Lorber v Town of Hamburg, 225 AD2d 1062). In any event, the City defendants established, prima facie, that Eltony's conduct in initiating the pursuit of Martial was not a proximate cause of the accident (see Alexander v City of New York, 176 AD3d at 660; Nurse v City of New York, 56 AD3d at 443; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308; Aqeel v Tony Casale, Inc., 44 AD3d 572, 573; Fappiano v City of New York, 292 AD2d 566, 567). In opposition, the plaintiff failed to raise a triable issue of fact.
However, we disagree with the Supreme Court's determination to grant that branch
of Trietel and Abraham's motion which was for summary judgment dismissing the complaint insofar as asserted against them. "'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Gobin v Delgado, 142 AD3d 1134, 1135, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Estate of Cook v Gomez, 138 AD3d 675; Baulete v L & N Car Serv., Inc., 134 AD3d 753). "There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427, 427), and "'[g]enerally, it is for the trier of fact to determine the issue of proximate cause'" (Estate of Cook v Gomez, 138 AD3d at 677, quoting Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889).
"Vehicle and Traffic Law § 1141 provides that the 'driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard'" (Katikireddy v Espinal, 137 AD3d 866, 867; see Attl v Spetler, 137 AD3d 1176; Foley v Santucci, 135 AD3d 813). The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law (see Gobin v Delgado, 142 AD3d at 1136; Attl v Spetler, 137 AD3d at 1176; Arias v Tiao, 123 AD3d 857, 858). A driver is negligent where he or she failed to see that which, through proper use of his or her senses, the driver should have seen (see Arias v Tiao, 123 AD3d at 858; Rodriguez v Klein, 116 AD3d 939, 939). "At the same time, a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (Arias v Tiao, 123 AD3d at 858; see Aponte v Vani, 155 AD3d 929, 930; see also Gobin v Delgado, 142 AD3d at 1136; Todd v Godek, 71 AD3d 872).
Here, the evidence submitted by Trietel and Abraham in support of their motion, including Abraham's deposition testimony, failed to eliminate triable issues of fact as to whether [*3]Abraham was free from fault in the happening of the accident and, if not, whether Martial's negligence was the sole proximate cause of the accident (see Aponte v Vani, 155 AD3d at 930-931; Gobin v Delgado, 142 AD3d at 1136). Specifically, a triable issue of fact exists, inter alia, as to whether, at the time Abraham initiated her turn, Martial's vehicle was "'so close as to constitute an immediate hazard'" (Brodney v Picinic, 172 AD3d 673, 674, quoting Vehicle and Traffic Law § 1141; see Katikireddy v Espinal, 137 AD3d at 868). Since Trietel and Abraham failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not address the parties' remaining contentions.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court