De Corona v Village of Val. Stream (2022 NY Slip Op 05838)

De Corona v Village of Val. Stream

2022 NY Slip Op 05838

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-01274
 (Index No. 603084/18)

[*1]Yesica Paez De Corona, appellant,
v
Village of Valley Stream, et al., respondents.

Derell D. Wilson, Garden City, NY, for appellant.
Bartlett LLP, Garden City, NY (David C. Zegarelli of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered January 13, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In July 2017, a vehicle operated by the plaintiff collided with a vehicle operated by the defendant James R. Ervolino and owned by the defendant Village of Valley Stream. The accident occurred at the intersection of Merrick Road and Rockaway Parkway. At the time of the accident, Ervolino was a chief of the Valley Stream Fire Department and, according to the defendants, was responding to an emergency fire alarm call regarding a brush fire.
The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, arguing that Ervolino was responding to an emergency call at the time of the accident and that his operation of the emergency vehicle did not rise to the level of reckless disregard for the safety of others, as required for liability pursuant to Vehicle and Traffic Law § 1104. The Supreme Court granted the motion, and the plaintiff appeals.
Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation, and precludes the imposition of liability for otherwise privileged conduct except where the driver acted in reckless disregard for the safety of others (see Saarinen v Kerr, 84 NY2d 494, 497). "This standard demands more than a showing of a lack of 'due care under the circumstances'—the showing typically associated with ordinary negligence claims. It requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (id. at 501, quoting Prosser & Keeton, Torts § 34 at 213 [5th ed 1984]; see Frezzell v City of New York, 24 NY3d 213, 217; Rodriguez-Garcia v Southampton Police Dept., 185 AD3d 744, 745; Thomas v City of New York, 172 AD3d 1132, 1133).
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only [*2]applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d 217, 220; see Cooney v Port Chester Police Dept., 203 AD3d 799; Anderson v Suffolk County Police Dept., 181 AD3d 765, 766).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the reckless disregard standard of Vehicle and Traffic Law § 1104 was applicable to Ervolino's conduct (see Vehicle and Traffic Law §§ 101, 114-b, 1104[b]; Kabir v County of Monroe, 16 NY3d at 220; Saarinen v Kerr, 84 NY2d at 499; Thomas v City of New York, 172 AD3d at 1133), and that his conduct did not rise to the level of reckless disregard for the safety of others (see Frezzell v City of New York, 24 NY3d at 217-218; Saarinen v Kerr, 84 NY2d at 503; Thomas v City of New York, 172 AD3d at 1133). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court