Pena v County of Suffolk (2023 NY Slip Op 04451)

Pena v County of Suffolk

2023 NY Slip Op 04451

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-02128
 (Index No. 15723/15)

[*1]Reyna Pena, et al., appellants, 
v
County of Suffolk, etc., respondent, et al., defendants.

Kardisch Law Group P.C., East Meadow, NY (Josh H. Kardisch of counsel), for appellants.
Dennis Brown, Acting County Attorney, Hauppauge, NY (Diana T. Bishop and Susan A. Flynn of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated February 23, 2021. The order granted the motion of the defendant County of Suffolk for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On February 23, 2014, a police officer employed by the Suffolk County Police Department (hereinafter the SCPD) observed a vehicle operated by nonparty Pedro Hernandez traveling east in the westbound lanes of Route 347. The officer activated the lights and siren on his vehicle and followed Hernandez's vehicle at a high rate of speed in an attempt to stop the vehicle. During the chase, Hernandez's vehicle collided with a vehicle occupied by the plaintiffs. The plaintiffs commenced this action against, among others, the defendant County of Suffolk, inter alia, to recover damages for personal injuries they allegedly sustained in the accident. The County thereafter moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated February 23, 2021, the Supreme Court granted the motion, and the plaintiffs appeal.
"Vehicle and Traffic Law § 1104 provides a qualified exemption to drivers of authorized emergency vehicles from certain traffic laws when they are involved in an emergency operation" (Fuchs v City of New York, 186 AD3d 459, 459; see Frezzell v City of New York, 24 NY3d 213). "Those traffic laws include, inter alia, exceeding the speed limit and disregarding [*2]regulations governing the direction of movement or turning in specified directions" (Fuchs v City of New York, 186 AD3d at 459-460, citing Vehicle and Traffic Law § 1104[a], [b]). Vehicle and Traffic Law § 1104(e), however, provides that "[t]he foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his [or her] reckless disregard for the safety of others."
"Thus, the manner in which a driver of an authorized emergency vehicle operates the vehicle in an emergency situation may not form the basis for civil liability to an injured third party unless that authorized emergency driver acted in reckless disregard for the safety of others" (Fuchs v City of New York, 186 AD3d at 460; see Vehicle and Traffic Law § 1104[e]; Saarinen v Kerr, 84 NY2d 494, 501). "This standard demands more than a showing of a lack of due care under the circumstances—the showing typically associated with ordinary negligence claims. It requires evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d at 501 [internal quotation marks omitted]; see Fuchs v City of New York, 186 AD3d at 460).
Here, the County established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that the officer involved in the pursuit of Hernandez's vehicle, which involved exceeding the speed limit and disregarding regulations governing the direction of movement, did not act with reckless disregard for the safety of others (see Saarinen v Kerr, 84 NY2d at 497; Gaudio v City of New York, 189 AD3d 1546, 1547; Fuchs v City of New York, 186 AD3d at 460; Wonderly v City of Poughkeepsie, 185 AD3d 632, 634). Additionally, the proximate cause of the accident was Hernandez's independent recklessness in driving the wrong way on Route 347, not the officer's conduct in initiating and conducting the pursuit in an attempt to stop Hernandez (see Gaudio v City of New York, 189 AD3d at 1547; Fuchs v City of New York, 186 AD3d at 460). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the excerpts of the SCPD policies and procedures submitted in opposition to the motion did not raise a triable issue of fact (see Wonderly v City of Poughkeepsie, 185 AD3d at 634).
Accordingly, the Supreme Court properly granted the County's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court