Rojas v Town of Tuxedo (2023 NY Slip Op 05751)

Rojas v Town of Tuxedo

2023 NY Slip Op 05751

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-00415
 (Index No. 3528/20)

[*1]Vanessa Rojas, etc., respondent, 
v
Town of Tuxedo, et al., appellants, et al., defendants.

Marshall Conway Bradley Gollub & Weissman, P.C., New York, NY (Lauren R. Turkel of counsel), for appellants.
Zelenetsky & Associates, P.C., White Plains, NY (Ava L. Zelenetsky of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Town of Tuxedo, Town of Tuxedo Police Department, Sergeant David W. Decker, Officer Michael Eichengreen, and Lieutenant John P. Norton appeal from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated December 20, 2021. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Town of Tuxedo Police Department, Sergeant David W. Decker, and Officer Michael Eichengreen.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Town of Tuxedo, Town of Tuxedo Police Department, Sergeant David W. Decker, Officer Michael Eichengreen, and Lieutenant John P. Norton which was for summary judgment dismissing the complaint insofar as asserted against the defendants Town of Tuxedo Police Department, Sergeant David W. Decker, and Officer Michael Eichengreen is granted.
The plaintiff, Vanessa Rojas, as guardian ad litem for Ronnie A. Rojas, Jr., commenced this action to recover damages for personal injuries allegedly sustained by Ronnie against, among others, the defendants Town of Tuxedo, Town of Tuxedo Police Department, Sergeant David W. Decker, Officer Michael Eichengreen, and Lieutenant John P. Norton (hereinafter collectively the defendants). On March 24, 2019, Ronnie was operating a motorcycle on Route 17, a four-lane public roadway. Ronnie was traveling at a speed far in excess of the posted speed limit when Decker attempted to stop him. Decker lost sight of Ronnie within a matter of minutes, as Ronnie accelerated to a speed of approximately 90 miles per hour, broadening the distance between himself and Decker, who had activated his emergency lights. After losing sight of Ronnie, Decker continued driving for approximately 1½ miles, when he came upon the motorcycle and Ronnie, who was laying unconscious off the roadway, in the woods. Eichengreen had also attempted to stop Ronnie, but Eichengreen had only followed behind Ronnie for seconds, with his emergency lights and sirens engaged. As Eichengreen described in a police report, he "fell back," allowing Decker to proceed with the pursuit. Eichengreen did not see Ronnie again until after Decker found him in the woods. Thereafter, Ronnie was airlifted for emergency medical treatment. Ronnie sustained [*2]significant brain injuries and has remained in a coma.
In September 2020, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed and cross-moved, among other thing, to compel discovery. In accordance with an order dated January 12, 2021, the defendants arranged for the delivery to the plaintiff of "all official records and papers," the complete investigation file, and the entirety of Ronnie's personal property in the defendants' possession. Thereafter, in an order dated December 20, 2021, the Supreme Court, among other things, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Town of Tuxedo Police Department, Decker, and Eichengreen, determining that "despite [the] Defendants' prima facie showing of entitlement to judgment as a matter of law," that branch of the defendants' motion was premature and the plaintiff should be afforded an opportunity to conduct discovery. The defendants appeal.
"Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation, and precludes the imposition of liability for otherwise privileged conduct except where the driver acted in reckless disregard for the safety of others" (Thomas v City of New York, 172 AD3d 1132, 1133; see Gaudio v City of New York, 189 AD3d 1546, 1547). "The emergency operation of a police vehicle includes pursuing an actual or suspected violator of the law" (Gaudio v City of New York, 189 AD3d at 1547 [alterations and internal quotation marks omitted]). The "reckless disregard standard requires evidence that the officer has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Wonderly v City of Poughkeepsie, 185 AD3d 632, 633 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that Decker and Eichengreen did not act in reckless disregard for the safety of others "in commencing, conducting, or failing to terminate their pursuit" (Wonderly v City of Poughkeepsie, 185 AD3d at 634; see Daniels v City of New York, 28 AD3d 415, 416). The defendants also established, prima facie, that the conduct of Decker and Eichengreen in connection with the pursuit was not a proximate cause of Ronnie's accident. Notably, neither Decker nor Eichengreen were near Ronnie when Ronnie went off the road into the woods. Eichengreen "fell back" prior to the accident, and Decker had lost sight of Ronnie, who was about 1½ miles away from where Decker last saw him, when he found Ronnie unconscious in the woods. Under the circumstances of this case, the sole "proximate cause of the accident was the independent recklessness of [Ronnie]" (Alexander v City of New York, 176 AD3d 659, 660-661; see Fuchs v City of New York, 186 AD3d 459, 459-460). In response to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (see Gaudio v City of New York, 189 AD3d at 1547; Wonderly v City of Poughkeepsie, 185 AD3d at 634).
Contrary to the plaintiff's contention, the defendants' motion was not premature. The plaintiff "failed to offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the [defendants]" (Gooden v EAN Holdings, LLC, 189 AD3d 1552, 1552-1553; see Festagallo v Mandelbaum, 213 AD3d 741, 742). Here, the officers directly involved in the attempt to stop Ronnie provided sworn affidavits, which were unequivocal and consistent with the other evidence in the case. There is no basis to conclude that depositions or other discovery would render a different account of the accident. The plaintiff's mere hope or speculation that discovery would render evidence sufficient to defeat the defendants' motion was not a sufficient basis to deny the motion (see Festagallo v Mandelbaum, 213 AD3d at 742; Mahmud v Feng Ouyang, 208 AD3d 861, 862-863).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
BARROS, J.P., CHRISTOPHER, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court