Haniff v City of New York (2024 NY Slip Op 06571)

Haniff v City of New York

2024 NY Slip Op 06571

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-09282
 (Index No. 710540/19)

[*1]Kavita Haniff, etc., et al., appellants, 
v
City of New York, et al., respondents, et al., defendant.

David A. Zelman, Brooklyn, NY, for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Janet L. Zaleon of counsel), for respondent City of New York.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, New York, NY (Stephanie Campbell and Angela Ribaudo of counsel), for respondent Gustavo Martinez.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered September 23, 2022. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Gustavo Martinez and the defendant City of New York which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiffs commenced this action to recover damages for personal injuries that the plaintiff Kavita Haniff and two infants allegedly sustained when a vehicle operated by the defendant Rabindra Rajkumar, in which they were passengers, collided with a vehicle operated by the defendant Gustavo Martinez and owned by the defendant City of New York (hereinafter together the police defendants). According to the police defendants, the accident happened while Martinez was responding to an emergency call and proceeding straight through an intersection when Rajkumar, who was traveling in the opposite direction, made a left turn in front of the police vehicle. The police defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the police defendants' motions. The plaintiffs appeal.
Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation, and precludes the imposition of liability for otherwise privileged conduct except where the driver acted in reckless disregard for the safety of others (see Saarinen v Kerr, 84 NY2d 494, 497). "This standard demands more than a showing of a lack of due care under the circumstances—the showing typically associated with ordinary negligence claims. It requires evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" [*2](id. at 501 [internal quotation marks omitted]; see De Corona v Village of Val. Stream, 209 AD3d 837, 837-838).
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (De Corona v Village of Val. Stream, 209 AD3d at 838 [internal quotation marks omitted]; see Kabir v County of Monroe, 16 NY3d 217, 220).
Here, the police defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the reckless disregard standard of Vehicle and Traffic Law § 1104 was applicable to Martinez's conduct (see id. §§ 114-b, 1104[b]; Kabir v County of Monroe, 16 NY3d at 220) and that his conduct did not rise to the level of reckless disregard for the safety of others (see De Corona v Village of Val. Stream, 209 AD3d at 838).
"The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141; see Giwa v Bloom, 154 AD3d 921, 921). "The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield" (Giwa v Bloom, 154 AD3d at 921 [internal quotation marks omitted]; see Schmitz v Pinto, 220 AD3d 681, 682).
Here, the police defendants further demonstrated, prima facie, that Rajkumar violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of the police vehicle while the police vehicle had the right-of-way and that this violation was the sole proximate cause of the accident (see Lylan Pham v Lee, 219 AD3d 601, 602; Yu Mei Liu v Weihong Liu, 163 AD3d 611, 613).
In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted those branches of the police defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
The plaintiffs' remaining contentions are not properly before this Court.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court