Nicolas v Robillard (2025 NY Slip Op 03076)

Nicolas v Robillard

2025 NY Slip Op 03076

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-04987
 (Index No. 513771/17)

[*1]Georges Nicolas, appellant, 
v
Jean B. Robillard, et al., defendants, Julio J. Rivera, et al., respondents.

Liakas Law, P.C. (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Paul H. Seidenstock], of counsel), for appellant.
Hannum, Feretic, Prendergast & Merlino, LLC, New York, NY (Sean Prendergast of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated April 20, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Julio J. Rivera and N.Y. Presbyterian Hospital which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2016, the defendant Julio J. Rivera was operating an ambulance northbound on Flatbush Avenue while responding to an emergency call. The plaintiff was a passenger in a van that was traveling in the same direction and lane as the ambulance. To pass the van, which had yielded to the ambulance, Rivera moved the ambulance into the lane of oncoming traffic, when a collision occurred between the two vehicles. The plaintiff commenced this personal injury action against, among others, Rivera and the defendant N.Y. Presbyterian Hospital (hereinafter together the ambulance defendants). Subsequently, the ambulance defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that Rivera was engaged in an emergency operation, that his conduct was governed by the reckless disregard standard, and that he did not act with reckless disregard for the safety of others. In an order dated April 20, 2023, the Supreme Court, among other things, granted that branch of the ambulance defendants' motion. The plaintiff appeals.
"Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation, and precludes the imposition of liability for otherwise privileged conduct except where the driver acted in reckless disregard for the safety of others" (Thomas v City of New York, 172 AD3d 1132, 1133; see Kabir v County of Monroe, 16 NY3d 217, 220; Pena v County of Suffolk, 219 AD3d 946, 947). "The reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)" (Alonso v Crest Transp. Serv., Inc., 226 AD3d 634, 635 [alteration and internal quotation marks omitted]; see Kabir [*2]v County of Monroe, 16 NY3d at 220). "Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d at 220; see De Corona v Village of Val. Stream, 209 AD3d 837, 838).
Here, the ambulance defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. The evidence submitted in support of the ambulance defendants' motion established that, at the time of the collision, Rivera was engaged in an emergency operation, as he was operating an ambulance with its lights and sirens activated in response to an emergency call (see Vehicle and Traffic Law § 1104[c]). In addition, the ambulance defendants demonstrated, prima facie, that Rivera engaged in conduct privileged under Vehicle and Traffic Law § 1104(b)(4) when he disregarded regulations governing directions of movement, as he changed lanes into the opposing lane of traffic in order to pass the van immediately before the collision (see Alonso v Crest Transp. Serv., Inc., 226 AD3d at 635; Moore v City of New York, 220 AD3d 767, 769; Rodriguez-Garcia v Southampton Police Dept., 185 AD3d 744, 744-745). As such, his conduct was governed by the reckless disregard standard (see Alonso v Crest Transp. Serv., Inc., 226 AD3d at 635; Thomas v City of New York, 172 AD3d at 1133). The ambulance defendants further established, prima facie, that Rivera's conduct did not rise to the level of reckless disregard for the safety of others (see Alonso v Crest Transp. Serv., Inc., 226 AD3d at 635; De Corona v Village of Val. Stream, 209 AD3d at 838).
In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the ambulance defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. In light of our determination, we need not reach the parties' remaining contentions.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court