Elashmawi v City of New York (2025 NY Slip Op 04977)

Elashmawi v City of New York

2025 NY Slip Op 04977

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-09177
 (Index No. 504968/18)

[*1]Mohamed Ibrahim Elashmawi, appellant, 
v
City of New York, et al., respondents, et al., defendant.

Bernstone and Grieco, LLP (Steve S. Efron, New York, NY, of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Geoffrey E. Curfman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated July 12, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Christophe A. Carbone and City of New York which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he was struck by an unmarked New York City Police Department vehicle (hereinafter the police vehicle) operated by the defendant Christopher A. Carbone, incorrectly named herein as Christophe A. Carbone. At the time of the accident, the plaintiff was attempting to cross Nostrand Avenue in Brooklyn without the benefit of either a traffic light or a crosswalk. According to Carbone, who was a New York City Police Department detective, the accident occurred while he and his partner were responding to an emergency call involving a man with a firearm on Newkirk Avenue, which was not far from their location. Carbone and his partner testified at their depositions that, after receiving the emergency call, the lights and siren on the police vehicle were activated. Carbone was driving in the bus lane, traveling between 30 and 40 miles per hour, in excess of the 25-mile-per-hour speed limit, when he saw the plaintiff crossing Nostrand Avenue in front of the police vehicle. Carbone immediately applied the brakes, but struck the plaintiff.
Carbone and the defendant City of New York (hereinafter together the City defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The City defendants argued that Carbone was immune from liability for his action in operating the police vehicle because he was responding to an emergency call. In an order dated July 12, 2023, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
Vehicle and Traffic Law § 1104(b) provides an exemption for drivers of emergency vehicles from following certain traffic laws when they are involved in an emergency operation. [*2]Section 1104 of the Vehicle and Traffic Law precludes the imposition of liability for this privileged conduct except for instances where it can be found that the driver of the emergency vehicle acted with a reckless disregard for the safety of others (see id. § 1104[e]; see also Haniff v City of New York, 233 AD3d 948, citing Saarinen v Kerr, 84 NY2d 494, 497). To prove a reckless disregard for the safety of others "demands more than a showing of a lack of due care under the circumstances—the showing typically associated with ordinary negligence claims. It requires evidence that the actor had intentionally done an act of unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d at 501 [internal quotation marks omitted]; see also De Corona v Village of Val. Stream, 209 AD3d 837, 837-838).
"'[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies where a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct is governed by the principles of ordinary negligence'" (Haniff v City of New York, 233 AD3d at 949, quoting De Corona v Village of Val. Stream, 209 AD3d at 838).
Here, the City defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that the reckless disregard standard of Vehicle and Traffic Law § 1104(e) was applicable to Carbone's conduct (see Frezzell v City of New York, 24 NY3d 213, 217) and that his conduct did not rise to the level of reckless disregard for the safety of others (De Corona v Village of Val. Stream, 209 AD3d at 838).
Carbone's operation of the police vehicle in excess of the speed limit, here, between 30 and 40 miles per hour in a 25-mile-per-hour zone, was privileged under Vehicle and Traffic Law § 1104(b)(3). It is undisputed that Carbone and his partner were responding to an emergency call at the time of the accident. Moreover, it cannot be said that Carbone's action in speeding was, in and of itself, evidence of a reckless disregard for individuals in the area, including the plaintiff (see Chesney v City of Yonkers, 167 AD3d 567).
In opposition, the plaintiff failed to raise a triable issue of fact concerning whether Carbone's action rose to the level of a reckless disregard for the safety of others (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court