Moccasin v Suffolk County (2026 NY Slip Op 01049)

Moccasin v Suffolk County

2026 NY Slip Op 01049

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2023-01794
 (Index No. 614409/19)

[*1]Michael Moccasin, appellant, 
vSuffolk County, et al., respondents.

Rubenstein & Rynecki (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Jillian Rosen], of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Stephanie N. Hill of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated December 30, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
In January 2019, at approximately 5:00 p.m., the plaintiff allegedly was injured while riding a skateboard when he was struck by a vehicle operated by the defendant Peter Degere, a police officer employed by the defendant Suffolk County Police Department (hereinafter SCPD). Prior to the collision, Degere was traveling in the left southbound lane of Straight Path responding to a radio call of a woman going into labor with complications. Between the left northbound lane and the left southbound lane of Straight Path, there was a center turn lane used by vehicles in both directions of traffic. The collision occurred when Degere maneuvered his vehicle into the center turn lane to pass another vehicle and struck the plaintiff, who was traveling northbound in the center turn lane on the skateboard.
The plaintiff commenced this action against Suffolk County, SCPD, and Degere (hereinafter collectively the defendants) to recover damages for personal injuries he allegedly sustained in the accident. The defendants moved for summary judgment dismissing the complaint. In an order dated December 30, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals. We reverse.
"Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation, and precludes the imposition of liability for otherwise privileged conduct except where the driver acted in reckless disregard for the safety of others" (Thomas v City of New York, 172 AD3d 1132, 1133; see Kabir v County of Monroe, 16 NY3d 217, 220; Pena v County of Suffolk, 219 AD3d 946, 947). Vehicle and Traffic Law § 1104(b) allows an officer engaged in an emergency operation, inter alia, to "[e]xceed the maximum speed limit so long as [the officer] does not endanger life or property" and [*2]"[d]isregard regulations governing directions of movement or turning in specified directions" (id. § 1104[b][3], [4]; see Fuchs v City of New York, 186 AD3d 459, 460). "The reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)" (Alonso v Crest Transp. Serv., Inc., 226 AD3d 634, 635 [alteration and internal quotation marks omitted]; see Kabir v County of Monroe, 16 NY3d at 220). "Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d at 220; see De Corona v Village of Val. Stream, 209 AD3d 837, 838).
The "reckless disregard" standard demands more than a showing of a lack of "due care under the circumstances" (Saarinen v Kerr, 84 NY2d 494, 501 [internal quotation marks omitted]). "It requires evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (id. [internal quotation marks omitted]; see Wonderly v City of Poughkeepsie, 185 AD3d 632, 633). "This standard requires a showing of more than a momentary lapse in judgment" (Beverly v County of Suffolk, 227 AD3d 652, 654 [internal quotation marks omitted]; see Puntarich v County of Suffolk, 47 AD3d 785, 786).
Here, the defendants established that the reckless disregard standard of Vehicle and Traffic Law § 1104 was applicable to Degere's conduct because he was responding to a radio call of a woman going into labor with complications (see id. §§ 114-b, 1104[c]). However, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint because their moving papers failed to eliminate all issues of material fact regarding whether Degere acted recklessly by either traveling at a high speed in the center turn lane in a school zone with poor lighting conditions or abruptly merging into the center turn lane without first looking to his left or activating his turn signal (see Kolvenbach v Cunningham, 224 AD3d 826, 828; Bourdierd v City of Yonkers, 213 AD3d 899, 901; Rodriguez-Garcia v Southampton Police Dept., 185 AD3d 744, 745).
Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiff to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
In light of the foregoing, we need not reach the plaintiff's remaining contentions.
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court